UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER STROSS,<br><br>        Plaintiff,<br><br>        v.<br><br>RIVER'S EDGE REALTY, LLC d/b/a<br>AUSTIN OPTIONS REALTY; DANIEL R.<br>CASTRO & ALISHA AUSTIN<br><br>        Defendant. | Civil Action No. 1:17-cv-00391-RP<br><br>**JURY DEMANDED** |

## DEFENDANT ALISHA AUSTIN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)

NOW COMES Defendant, Alisha Austin, and, based on the allegations set forth in Plaintiff's First Amended Petition [Dkt. No. 42], asks the Court to dismiss this case with prejudice for Plaintiff's failure to state a claim on which relief may be granted as Plaintiff lacks standing to bring this copyright infringement claim and would show the Court as follows:

## BACKGROUND

Plaintiff Alexander Stross ("Stross") alleges that Defendant Alisha Austin violated Stross' copyright to a number of architectural photographs taken by Stross. This alleged infringement arises from Ms. Austin's use of photographs allegedly taken by and previously used by Stross to market and sell real property for Ms. Austin's client, Centerra Homes.

Defendant Austin filed her initial Motion to Dismiss under Rule 12(b)(6) [Dkt. No. 8] challenging Plaintiff's Original Complaint on the grounds that Stross lacks standing to bring these claims. Plaintiff's First Amended Complaint [Dkt. No. 42] does not cure the deficiencies of his claims against Ms. Austin nor correct his lack of standing to bring this case in the first place.

While Stross has removed some facts from his Original Petition in this Amended Petition, he still admits the following key facts:

1. Stross took the photographs in question between January 28 and February 4, 2015 specifically for his ex-wife, Brittany Murphy, to upload those photographs to the Austin multiple listing service ("MLS") for the marketing and sale of the subject Rough Hollow homes. (Amended Complaint at ¶14 and 15);

2. At the time he took these photographs for Ms. Murphy, she was employed by Centerra Homes as a commissioned sales agent. (Amended Complaint at ¶13);

3. Stross personally uploaded the photos to the Austin MLS and attached them to Murphy's listings of the homes. (Amended Complaint at ¶15);

It is undisputed that Stross took the photographs of the Rough Hollow homes for his ex-wife, Brittany Murphy, while she was an employee of Centerra Homes and owed Centerra Homes a fiduciary duty. *Chien v. Chen*, 759 S.W.2d 484, 495 n.7 (Tex. App.—Austin, 1988). Arguably, then, Centerra Homes either owns the copyright on the photographs as a work for hire or, since Stross could not have photographed the homes without the permission of Centerra, then Centerra is a co-author with full rights to license further use of the photographs.

It is also undisputed that Stross uploaded those photographs to the MLS subject to the MLS Rules. Those Rules unequivocally grant an irrevocable, worldwide, paid-up, royalty-free, right and license to the MLS and any other licensee to use the photographs for any purpose consistent selling, leasing or valuing real estate.

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff." *Hidden Values, Inc. v. Wade*, CA No. 3:11-cv-1917, 2012 WL 1836087 at *3 (N.D. Tex, May 18, 2012) (citing *Great Plains*

*Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002)). However, "a court

is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory

allegations, unwarranted deductions, or legal conclusions." *Id.* (citing *R2 Invs. LDC v. Phillips*,

401 F.3d 638, 642 (5th Cir. 2005)).

      1.      In previous litigation, Stross has admitted that he signed a Participant Content

Access Agreement ("PCAA") to participate in the Austin-Central Texas Realty Information

Services ("ACTRIS") multiple listing service ("MLS") operated by the Austin Board of Realtors

("ABOR"). *Stross v. Redfin Corp.*, 204 F. Supp. 3d 915, 917 and 920 n. 3 (W.D. Tex. Sept. 2,

2016). For purposes of this case, then, the Court can take judicial notice that Stross is an

ACTRIS MLS Participant and agreed to the ACTRIS Rules. *See Tellabs, Inc. v. Makor Issues &*

*Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Stone v. Life Partners Holdings, Inc.*, 26 F. Supp. 3d 575,

584 (W.D. Tex. 2014) (noting that a court may consider facts subject to judicial notice

when ruling on a Rule 12(b)(6) motion). Accordingly, Stross agreed to the ACTRIS Rules for

use of the MLS including Section 7.10 which provides:

> By the act of submission of any Listing Content to ACTRIS or into the MLS
> Compilation, the Participant and/or Subscriber . . . thereby does grant, ACTRIS
> (and its service providers and ***licensees***) an irrevocable, worldwide, paid-up,
> royalty-free, right and license to include the Listing Content in the MLS
> Compilation, any statistical report or comparables, and to use, copy and create
> derivative works of it and authorize its use, copying and creation of derivative
> works ***for any purpose consistent with the facilitation of the sale, lease and***
> ***valuation of real property or such other uses***; provided that with respect to such
> other use, the Participant has not opted-out of such other use after notice of the
> same.

ACTRIS Rule § 7.10 (emphasis added). After the court issued its order in the *Redfin* case,

ACTRIS updated its Terms of Use to make clear that any uploaded content "includes *assignment*

*of ownership* of listing content to ACTRIS…[to] *prevent misuse* of listing content…" *See*

http://www.abor.com/changes-abor-actris-terms-use/. Under the new Rules, by uploading content to the ACTRIS MLS, ownership of all content is assigned to ACTRIS:

> 20. **Assignment from Participant**. You <u>hereby unconditionally assign to ACTRIS all right, title and interest in Your Contribution, including, without limitation, any copyrights therein under U.S. and international copyright law</u>; You warrant that You have or will have the authority to make this assignment at the time Your Contribution is entered into the ACTRIS Database. You acknowledge that once You have made the election agreeing to this section, all copyrights in all portions of Your Contribution, <u>whether submitted prior to or after executing this Agreement, shall irrevocably vest in ACTRIS</u>.

*See* Austin Board of RELATORS Website TOU and ACTRIS Participant and Subscriber Agreement attached hereto as Exhibit A at ¶ 20 (defining Contributions as "[a]ll data that You or Your Subscribers submit, contribute, or input in the ACTRIS System, including text, photographs, images, and other materials, in any form now known or hereafter discovered") (emphasis added). Further, this provision is retroactive such that all photographs submitted by Stross prior to the Agreement are also assumed to be irrevocably assigned to ACTRIS as ACTRIS maintains historical "espired listings."

In other words, once Stross uploaded his photographs to ACTRIS, he either provided ACTRIS and its licensees an irrevocable license under the old rules, or assigned the content to ACTRIS under the retroactive new rules. Either way, Stross lacks standing to bring this action against Ms. Austin.[1] Further, Stross has never stated that he, in any way, opted out of the ACTRIS Agreement.

## <u>PLAINTIFF LACKS STANDING TO BRING THIS SUIT</u>

Defendant Alisha Austin is a participant in the ACTRIS MLS system just as Stross is and just as Redfin was in Mr. Stross' previous case. Ms. Austin also signed a PCAA in order to use

---

[1] It should be noted that Stross has also filed a companion to this case against Centerra Homes, Case 1:17-cv-00676-SS which is currently pending before Judge Sam Sparks.

the MLS system to market and sell her real estate listings. Accordingly, like Redfin, Ms. Austin is a licensee under ACTRIS Rule § 7.10.

In the previous case before this very Court, the Honorable Sam Sparks held that Stross and Redfin had both signed the ACTRIS PCAA, thus Redfin's use of Stross' photographs was a licensed use under ACTRIS Rule § 7.10. *Redfin* at 923. The Court further determined that Stross lacked any standing to sue Redfin because Stross was not a party to Redfin's PCAA with ACTRIS and also could not show that he was in any way a third party beneficiary of that PCAA. *Id.* at 922. Stross' proper remedy, therefore, was to "report alleged violations of the rules to ACTRIS." *Id.* at 922. As Judge Sparks unequivocally stated, "a participant may seek to have the ACTRIS Rules enforced, just not in federal court." *Id.*

Given the similarity of the facts between the present case and the *Redfin* case, Defendant Alisha Austin respectfully requests the Court to dismiss all Plaintiff's claims against her with prejudice. Further, given that Mr. Stross was well aware of the issue of standing that he may face prior to filing this lawsuit, Ms. Austin requests the Court sanction Mr. Stross under Fed. R. Civ. P. 11 for filing frivolous claims and award Ms. Austin her reasonable and necessary attorney fees for having to file this motion to dismiss.

## CONCLUSION

Plaintiff filed this case with full knowledge, based on this Court's previous ruling in *Redfin*, that he had already granted MLS and its licensees an irrevocable license to use his photographs consistent with the MLS Rules, thus he lacked standing to pursue these claims. Stross further understood from the prior ruling that his recourse should be through enforcement of the MLS Rules, and not in federal court. Accordingly, Defendant Alisha Austin requests the

Court dismiss all claims against her with prejudice and order Plaintiff to pay her reasonable and

necessary attorney fees.

Dated: March 1, 2018     THE FOWLER LAW FIRM, P.C.

            */s/ Michael J. Smith*
            Michael J. Smith
            Texas State Bar No.24037517
            Laura S. Fowler
            Texas State Bar No. 08521200
            919 Congress Avenue, Suite 900
            Austin, Texas 78701
            Telephone: 512.441.1411
            Facsimile: 512.469.2975
            Email: msmith@thefowlerlawfirm.com
            *Attorney for Defendant Alisha Austin*

## CERTIFICATE OF SERVICE

I certify that, on March 1, 2018, I electronically filed the foregoing with this Court using the
CM/ECF system, which will send notification to all other counsel of record.

            */s/ Michael J. Smith*
            Michael J. Smith